Woodlawn Cemetery Association of Chicago v. Commissioner.
Woodlawn Cemetery Assn. of Chicago v. Commissioner
Docket No. 1976.
United States Tax Court
1943 Tax Ct. Memo LEXIS 27; 2 T.C.M. (CCH) 1116; T.C.M. (RIA) 43512; December 15, 1943
*27 Hyland J. Paullin, 231 S. LaSalle St., Chicago, Ill.,for petitioner. Gerald W. Brooks, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined deficiencies in income tax as follows: Year
Amount
1934
$ 778.45
1935
658.14
1936
1,104.61
1937
992.84
1938
340.16
1939
441.84
1940
523.64
1941
785.13
The only adjustment made by the Commissioner which the petitioner contests, is the increase in profits from sales of burial lots resulting from the use of $.094 per square foot as the fair market value on March 1, 1913 of the lots sold in each taxable year. The Commissioner used that value for each year and explained in the notice of deficiencies that he had done so because that March 1, 1913 value had been determined for the petitioner's cemetery lots in its prior proceeding before the Board of Tax Appeals involving preceding years, and also because he thought it was the actual value. The petitioner claims the right to use March 1, 1913 value instead of cost but wants to prove that the actual value on March 1, 1913 of its cemetery lots was $.749, the average price at which the lots were selling on March 1, 1913. It alleges that *28 the Commissioner has used the same value as was found by the Board in the prior proceeding but states in its pleadings that the issue is not res judicata because of a difference between the two proceedings in years and in lots sold. It does not allege that the lots sold in the years here involved were essentially different from or had a March 1, 1913 value different from those sold in the years involved in the prior proceeding. The opinion in that proceeding shows that all of the lots owned on March 1, 1913 were lumped together and that the value of $.094 was the same for all of the lots in the cemetery at that time. The decision in that case has become final. The respondent alleges that the issue here, March 1, 1913 value of the petitioner's cemetery lots, is res judicata and the determination must be affirmed. The respondent moved to have the proceeding dismissed and for the entry of an order that the deficiencies are as determined by him. The Court held a hearing on that motion. Counsel for the petitioner filed a motion in which he recognized that the ruling on the motion might determine the entire proceeding and asked that a time be fixed for the petitioner to file *29 a brief "to present whatever authorities and arguments it may have in opposition to said motion of respondent." A time was fixed, November 3, 1943, and counsel was duly notified, but nothing was ever filed. We must assume that the petitioner has not been able to think of any arguments or authorities in opposition to the motion. None occur to us and, although the matter is presented sketchily, we fail to see how the petitioner can succeed in this proceeding. The issue seems to be res judicata, at least no good reason why it is not res judicata has been suggested. Cf. The Evergreens, 47 B.T.A. 815, 823 and 824. (On appeal C.C.A. 2nd. *) Therefore, the proceeding had better be terminated without further delay or expense. Decision will be entered for the respondent. Footnotes
*. BTA decision subsequently affirmed by CCA-2, 141 Fed. (2d) 927↩.